**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| WARREN CLEVELAND GREEN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>　　　　　Respondent. | No. CV 19-1813-CJC (PLA)<br><br>**ORDER DISMISSING PETITION AS SUCCESSIVE** |

**I.**

**BACKGROUND**

On March 12, 2019, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "2019 Petition"). On November 30, 2000, petitioner was convicted by a Los Angeles County Superior Court jury of the following offenses: shooting at an inhabited dwelling (Cal. Penal Code § 246); making terrorist threats (Cal. Penal Code § 422); and possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)[1]). (2019 Petition at 2). The 2019 Petition challenges petitioner's November 30, 2000, conviction, and sets forth five grounds for relief: (1) the police suppressed the ballistics report; (2) the superior court

---

[1] In 2012, § 12021(a) was repealed and continued without substantive change in California Penal Code § 29800(a)(1).

"knew the case was criminalized by the police because Det. Davis would[ ] [not] come to court"; (3) "the trial judge knew and understood there was no physical evidence because the police suppressed it"; (4) there is no connection between Detective Bassett's incriminating statements and petitioner; and (5) there were no warrants to take petitioner out of his home. (2019 Petition at 5-6).

On May 11, 2005, in Case No. CV 05-3510-CJC (PLA), petitioner filed a previous habeas petition that also challenged his November 30, 2000, conviction (the "2005 Petition"). The 2005 Petition raised four grounds for relief: (1) petitioner was subjected to an illegal search and seizure, and was arrested without a warrant; (2) trial counsel provided ineffective assistance; (3) petitioner's Equal Protection rights were violated; and (4) petitioner's sentence constitutes cruel and unusual punishment. (Case No. CV 05-3510, 2005 Petition at 5-6; ECF No. 30 at 3). The 2005 Petition was dismissed with prejudice on February 17, 2006, as barred by the statute of limitations. (Case No. CV 05-3510, ECF Nos. 33, 34). See 28 U.S.C. § 2244(d)(1). Petitioner's request for a certificate of appealability in CV 05-3510 was denied on March 7, 2006, and the Ninth Circuit denied his petition for a certificate of appealability on November 30, 2006. (Case No. CV 05-3510, ECF Nos. 36, 40).

On August 15, 2017, in Case No. CV 17-6061-CJC (PLA), petitioner filed another habeas petition challenging his November 30, 2000, conviction (the "2017 Petition"). The 2017 Petition raised the following grounds for relief: (1) Detective Mark Bassett accused petitioner of "making inculpatory testimony"; (2) the police did not provide ballistics evidence; (3) there were no eyewitnesses to the crime; (4) there was no physical evidence of guilt; and (5) the evidence was insufficient to support the verdict. (Case No. CV 17-6061, 2017 Petition at 5-6). On October 4, 2017, the 2017 Petition was dismissed without prejudice as successive. (Case No. CV 17-6061, ECF No. 10).

/
/
/
/

## II.

## DISCUSSION

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As set forth above, petitioner's 2005 Petition raised four grounds for relief that attacked the validity of his November 30, 2000, conviction and sentence. The 2005 Petition was dismissed with prejudice as time barred. Petitioner's 2017 Petition, which challenged the same conviction, was dismissed as successive. Now, in the pending 2019 Petition, petitioner again raises grounds for relief that challenge his November 30, 2000, conviction.

A habeas petition -- such as the 2005 Petition -- that has been dismissed with prejudice for failure to comply with the statute of limitations "renders subsequent petitions second or successive for purposes of the AEDPA." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009); see also Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (dismissal of an earlier petition with prejudice because of a procedural default constitutes a disposition on the merits and renders a

subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). Further, petitioner does not contend that his claims in the 2019 Petition rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; and, it appears to the Court that, to the extent petitioner is seeking to present new claims in the 2019 Petition, the factual predicate for those claims could have previously been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(b)(2)(A), (B). Moreover, his 2017 Petition was dismissed as successive. Based on the foregoing, the 2019 Petition is also successive.[2]

Even if petitioner could satisfy any of the exceptions listed in 28 U.S.C. § 2244(b)(2)(A) or (B), he is still required -- as he was clearly advised in the Court's October 4, 2017, Order dismissing his 2017 Petition -- to request *and obtain* authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.Ct. 793, 798, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the court of appeals before filing a second habeas petition). Because there is no indication that petitioner has obtained such authorization from the Ninth Circuit, the Court is without jurisdiction to entertain the 2019 Petition under 28 U.S.C. § 2244(b). See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, dismissal of the 2019 Petition without prejudice as successive is appropriate.[3]

---

[2] It appears that in addition to being successive, the 2019 Petition would be barred by the statute of limitations as well. See 28 U.S.C. § 2244(d)(1) (one-year limitations period for filing federal habeas petition).

[3] Petitioner is again advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.
If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a <u>new</u> petition for writ of habeas corpus. He should <u>not</u> file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that
(continued...)

## III.
## **CONCLUSION**

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive.

DATED:  March 19, 2019

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[3](...continued)
petition a new case number.